UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MICHAEL ANGELO SAPP,<br><br>　　　　Defendant. | Case No. 1:15-cr-00018-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　The Government argues that text messages (sent and received) from the Defendant's phone between November 7, 2014, and December 23, 2014 are admissible – regardless of the application of Federal Rule of Evidence 404(b) – because they "are inextricably intertwined with direct evidence of [Sapp's] guilt." "In an abundance of caution," the Government argues the text messages are admissible under Rule 404(b).  Defense counsel orally indicated to the Court's staff attorney that there was no objection to the admission of the text messages.

　　　　Evidence is relevant if it has any tendency to make a fact of consequence in determining the action more or less probable than it would be without the evidence.  Fed. R. Evid. 401.  Generally, relevant evidence is admissible, although it may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice.  *See* Fed. R. Evid. 402, 403.  Rule 406 further limits the general admissibility of relevant evidence, as it makes evidence of other crimes, wrongs, or acts inadmissible to show propensity.  *Id.*  But, such evidence is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  *Id.*

The Ninth Circuit has held that evidence should not be considered "other crimes' or "other act" evidence within the meaning of Rule 404(b) if "the evidence concerning the 'other' act and the evidence concerning the crime charged are inextricably intertwined." *U.S. v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987) (internal quotation marks, citation, and alteration omitted). Evidence is "inextricably intertwined" with a charged crime if the evidence: (1) may "constitute a part of the transaction that serves the basis for the criminal charge," (2) admission of the evidence may be "necessary . . . to permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *U.S. v. Vizcarra-Martinez*, 66 F.3d 1006, 1012–13 (9th Cir. 1995).

We agree with the Government. Sapp is charged with possession with intent to distribute more than 50 grams of actual methamphetamine, possession of a firearm in furtherance of drug trafficking crime, and unlawful possession of a firearm. The acts detailed in the text messages are part of a continuing course of conduct that culminated in Sapp's arrest on or about December 23, 2014. Alternatively, we agree with the Government that the text messages are admissible pursuant to Rule 404(b).

In sum, the text messages retrieved from the seized phone found in the car Sapp was driving at the date of his arrest are admissible.

DATED: November 18, 2015

_____
Edward J. Lodge
United States District Judge