UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>MICHAEL ANGELO SAPP,<br><br>    Defendant. | Case No. 1:15-cr-00018-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Michael Sapp's Motion for Compassionate Release (Dkt. 109) and the Government's Motion to Dismiss the same (Dkt. 112).

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES both Motions.

## II. BACKGROUND

Following a jury trial in November 2015, Sapp was sentenced to 300 months of incarceration for possession of intent to distribute methamphetamine and unlawful possession of a firearm. Dkt. 78. In the intervening nine years, Sapp has filed an appeal (Dkt. 81), a motion to reduce sentence (Dkt. 103), and a § 2255 petition (Dkt. 104). Each

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

was denied. Sapp is currently incarcerated at the federal detention center in Talladega, Alabama ("FCI Talladega") and has an anticipated release date of February 2037.

On June 10, 2024, Sapp filed a Motion for Compassionate Release claiming he has numerous medical issues and that he has been rehabilitated during his time in prison. *See generally* Dkt. 109. On June 17, 2024, Sapp filed a Supplement to his Motion for Compassionate Release asking the Court to check if he qualified for "the 2 point reduction or any reduction [he] might be eligible for." Dkt. 111.

On July 11, 2024, the Government moved to dismiss Sapp's Motion for Compassionate Release because there was no indication Sapp had filed a request with the warden of his facility and exhausted his administrative remedies as required. Dkt. 112. In response, Sapp filed a copy of a request he sent the warden of his facility in January 2023—some 17 months prior. Dkt. 113.

Neither party filed additional briefing on either issue and the matters are ripe for adjudication.

### III. LEGAL STANDARD

Sapp seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with

applicable policy statements" issued by the U.S. Sentencing Commission.[2] *Id*. If the latter criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id*.; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

The policy statements at U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering abuse by an employee or contractor of the Bureau of Prisons (the "BOP"); (5) the defendant's subjection to an unusually long sentence where the defendant has already served at least ten years of the sentence; or (6) any other circumstance or combination of circumstances of similar gravity. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find that the defendant is not a danger to the safety of any other person or to the community. *Id.* at § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP—and not those brought by defendants individually. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). To be sure, district courts were free

---

[2] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.")).

MEMORANDUM DECISION AND ORDER - 3

to consult the policy statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director *and* to those brought by individual defendants. U.S.S.G. § 1B1.13(a). Along with its sister district courts in the Ninth Circuit, the Court understands these amendments to resolve the discrepancy highlighted in *Aruda* and to make U.S.S.G § 1B1.13 binding. *See United States v. Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908 (D. Mont. Jan. 4, 2024); *United States v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023).

In any event, the catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling reason to warrant a reduction in sentence.

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

In his Motion, Sapp did not originally attach any documentation illustrating he

petitioned the Warden at FCI Talladega before filing his motion with the Court. It was for this reason the Government summarily moved for dismissal. Dkt. 112.

In response to the Government's assertions, Sapp provided a copy of a petition he sent the Warden of his facility almost a year and a half prior to his instant request. Dkt. 113. While that petition grieves some of the same issues Sapp grieves here (e.g. medical conditions), it lacks reference to other arguments now being asserted (e.g. rehabilitation). Candidly, the Court is concerned with how dated this request is and whether Sapp's current Motion is really connected to that request. Nevertheless, the Court will give Sapp the benefit of the doubt, find exhaustion, and proceed to the next stage of its inquiry. Thus, the Government's Motion to Dismiss based on the failure to exhaust is DENIED.

### B. Extraordinary and Compelling Reasons

The Court must next consider whether "extraordinary and compelling reasons" warrant a permanent reduction in Sapp's sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). Sapp bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Here, Sapp's request to the Warden requesting compassionate release cites his medical conditions as the reason for his request and the fact that those conditions place him at a higher risk for contracting a severe case of COVID-19. The Court has issued dozens of decisions over the past five years addressing the interplay between personal health issues and the COVID-19 pandemic. Suffice it to say, most health conditions—or even an

increased risk of COVID-19—are not extraordinary and compelling reasons sufficient to warrant an early release. *See United States v. Hernandez*, 2022 WL 326611, at *4 (D. Idaho Feb. 2, 2022) (discussing health concerns and how the mere risk of a severe case of COVID-19 cannot justify release).

In his current Motion, Sapp does not mention his health conditions as they relate to COVID-19, simply that he has "all kinds of medical issues." Dkt. 109, at 1. He talks more about the fact that he has served a significant amount of time in penance for his past "mistakes" and that he is rehabilitated and ready to return to society. *Id*.

To begin, Sapp has not sufficiently shown his medical conditions are "serious" or cannot otherwise be adequately managed in prison. As part of his Motion, Sapp included a handwritten note listing six medical problems and five medications (that presumably he is currently prescribed and taking). Dkt. 109, at 2. Sapp then included a page from his "Individualized Needs Plan" showing what programs he has completed while incarcerated. *Id*. at 3. This final document applies more to Sapp's second reason for release (rehabilitation), which the Court will circle back to momentarily. As for his medical arguments, however, the Court is left wanting. Sapp's handwritten list of his ailments and medications is not sufficient. The Court would normally expect to see actual medical files or records, as well as an explanation as to why any specific medical condition is not adequately being managed in the prison system.[3] Thus, at this time, there is no way for the

---

[3] The Court is not implying that, had Sapp provided such documentation, his Motion would be granted. But the Court cannot even address Sapp's medical conditions arguments until it has formal documentation and records.

MEMORANDUM DECISION AND ORDER - 6

Court to evaluate Sapp's medical conditions and whether they are "serious" enough to warrant release. The Court is sympathetic to the fact it may be difficult to obtain supporting documentation. Nevertheless, Sapp bears the burden of establishing reasons to justify compassionate release, and thus, bears the burden of providing sufficient documentation to support those reasons. *Holden*, 452 F. Supp. 3d at 969.

Turning next to rehabilitation, the Court commends Sapp's work ethic and good behavior while incarcerated. It appears Sapp has completed numerous worthwhile programs and is making good personal progress. And while the Court acknowledges and appreciates Sapp's significant rehabilitation efforts, and strongly encourages him to continue these efforts, the Court does not find these rehabilitation efforts, on their own or in combination with his health conditions, are sufficient to render his circumstances extraordinary and compelling.

Finally, and in spite the above analysis, the Court would note that the 18 U.S.C. § 3553(a) factors weigh against Sapp's release at this time.[4] Sapp was apprehended after he

---

[4] Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]

    (2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a).

led police on a high-speed chase. When searched, Sapp was found to be in possession of 174 grams of methamphetamine and a handgun. Again, the Court appreciates that Sapp appears to have made efforts to turn his life around and not engage in this type of behavior in the future. But the seriousness of his crime lends support to the idea that the public is best protected by Sapp's continued incarceration at this time.

### C. Reduction in Sentence

Sapp's one-sentence supplement (Dkt. 111) asking if he qualifies for any reductions is insufficient to apprise the Court exactly what relief he is seeking. The Court does not, unfortunately, have the time to comb through the amendments to any sentencing guideline and review the hundreds of defendants it has sentenced to see what, if any, amendment applies. Defendants must provide the Court with specific requests and the Court can then evaluate if a reduction is appropriate.

That said, the Court *assumes* Sapp is referring to the recent amendments to the guidelines regarding status points for prior criminal conduct that are calculated in preparation for sentencing. The Court has reviewed Sapp's Presentence Investigation Report (Dkt. 71) and has concluded no recent amendment applies to his circumstances. If Sapp is aware of another amendment he believes applies, he can petition the Court specifically as to that amendment. Based upon what is currently before the Court, however, the Court must deny this request as well.

### V. CONCLUSION

Sapp exhausted his administrative remedies. Because of this, the Government's motion is DENIED. That said, Sapp has failed to demonstrate an "extraordinary and

compelling reason" for his release and has failed to show that a reduction in his sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. Weighing all relevant factors, the Court cannot depart from its prior sentence and release Sapp at this time. Accordingly, the Court must DENY his motion without prejudice.

## VI. ORDER

The Court HEREBY ORDERS:

1. Sapp's Motion for Compassionate Release (Dkt. 109) is DENIED.
2. Sapp's Supplement (Dkt. 111) is DENIED.
3. The Government's Motion to Dismiss (Dkt. 112) is DENIED.

DATED: March 18, 2025

David C. Nye
Chief U.S. District Court Judge